1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10  DIANE HAAG,                                    CASE NO. C13-1746JLR

11                    Plaintiff,                   ORDER GRANTING MOTION
                                                   TO DISMISS
12          v.

13  PNC BANK NA, et al.,

14                    Defendants.

## I.   INTRODUCTION

16          Before the court is a motion to dismiss brought by numerous defendants against

17  Plaintiff Diane Haag.  (Mot. (Dkt. # 15).)  This is a mortgage foreclosure case.  Ms. Haag

18  filed this action in September, 2013, alleging 14 causes of action against 114 defendants

19  in connection with the foreclosure of her home.  (*See* 1st Am. Compl. (Dkt. # 4).)  Ms.

20  Haag's claims are largely typical of claims in cases of this nature with one major

21  exception:  in the past three years, Ms. Haag has filed for bankruptcy four times.  In none

22  of those bankruptcies did she list as an asset any of the claims asserted in this action.

ORDER- 1

1    Accordingly, and under established principles of judicial estoppel, Ms. Haag is barred

2    from bringing these claims now.  On this ground, the court dismisses from this case all

3    defendants that joined in this motion to dismiss,[1] but not those that did not.  Ms. Haag is

4    granted leave to amend her complaint within 20 days.

5                              **II.   BACKGROUND**

6            Ms. Haag took out a $999,999.00 loan to buy a home in Kirkland in 2007.  (1st

7    Am. Compl. ¶ 43.)  She got the loan from "PNC/National City Mortgage" and used the

8    proceeds to purchase the home, which was her principal residence.  (*Id.* ¶¶ 43, 47.)  The

9    loan was secured by a deed of trust, under which the holder of the loan could non-

10   judicially foreclose on the property in the event of non-payment.  (*Id.*; Mot. Ex. 1.)[2]  The

11   loan was later securitized and sold to other investors, including Defendant Wells Fargo

12   Bank NA.  (1st Am. Compl. ¶ 44.)

13          Ms. Haag eventually defaulted on the loan.  (*See, e.g.*, Mot. Ex. 5 at 2-3 (showing

14   $34,517.49 due in early 2011); Mot. Ex. 8 at 2-3 (showing $1,075,200.70 due in early

15

16          [1] Those defendants are GDBT 1 Trust 2011-1, AMS Servicing LLC, Goshen Mortgage
17   LLC, Newberry Place REO LLC, Routh Crabtree & Olsen PS, Babak Shamsi, Northwest Trustee
     Services Inc., Heather Smith, Nextitle, and Carrie Haymond.  (*See* Mot.; Joinder in Mot. (Dkt.
18   # 17).)

            [2] The court considers a number of materials beyond the complaint in ruling on this
19   motion.  On a Rule 12(b)(6) motion, courts may consider matters referenced in the complaint and
     other judicially noticeable matters.  *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.
20   2003) ("A court may, however, consider certain materials—documents attached to the complaint,
     documents incorporated by reference in the complaint, or matters of judicial notice—without
21   converting the motion to dismiss into a motion for summary judgment.").  Filings in bankruptcy
     court are judicially noticeable matters of public record.  *Reusser v. Wachovia Bank, N.A.*, 525
22   F.3d 855, 857 n.1 (9th Cir. 2008) (citing *Kourtis v. Cameron*, 419 F.3d 989, 994 n.2 (9th Cir.
     2005); 11 U.S.C. § 107(a)).

ORDER- 2

1   2012).)  Thereafter, certain defendants attempted to non-judicially foreclose on the

2   property.  (*See, e.g.*, Mot. Exs. 2, 5.)

3         Ms. Haag was able to avoid foreclosure initially, mostly by filing for bankruptcy

4   multiple times and causing others to do the same.  First, she quitclaimed the property to

5   an individual named Daryl Carl Butler two days before the scheduled foreclosure sale,

6   and Mr. Butler immediately filed for Chapter 13 bankruptcy.  (Mot. Exs. 6, 7.)  The

7   Bankruptcy court soon ruled that the foreclosure sale could proceed, finding that the

8   transfer to Mr. Butler was "part of a scheme to delay, hinder and defraud creditors . . . ."

9   (Mot. Ex. 7.)  Less than a month later, Ms. Haag filed for Chapter 13 bankruptcy herself.

10  (*See In re Diane Louise Haag*, W.D. Wash. Bankr. Case No. 11-bk-17524-TWD.)

11  However, her bankruptcy proceeding was dismissed shortly thereafter (*id.* Order

12  Dismissing Case (Dkt. # 30)), after which she received another notice of pending non-

13  judicial foreclosure (Mot. Ex. 8).  Five days before the foreclosure sale was scheduled to

14  occur, Ms. Haag filed for Chapter 13 bankruptcy a second time.  (*See In re Diane Louise

15  Haag*, W.D. Wash. Bankr. Case No. 12-bk-12745-TWD.)  This proceeding was also

16  dismissed, and another foreclosure sale was scheduled.  (*Id.* Notice of Dismissal (Dkt.

17  # 15).)  When the day of the foreclosure sale arrived, Ms. Haag filed for bankruptcy a

18  third time.  (*See In re Diane Louise Haag*, W.D. Wash. Bankr. Case No. 12-bk-16379-

19  TWD.)  This time the bankruptcy court discharged her debts.  (*Id.* Discharge of Debtor

20  (Dkt. # 42).)

21        However, this was not the end of her attempts to delay.  On the day of the next

22  scheduled foreclosure sale, the Diane L. Haag Family Trust filed for bankruptcy—a filing

ORDER- 3

1   Ms. Haag later admitted was "to prevent the lender from foreclosing on her home." (*See*

2   *In re Diane L. Haag Family Trust*, W.D. Wash. Bankr. Case No. 13-14353-bk-TWD

3   Mot. to Vacate (Dkt. # 11).)  This bankruptcy proceeding was dismissed, and the

4   foreclosure sale was again rescheduled.  (*Id.* Order Dismissing Case (Dkt. # 7).)  One day

5   before the day set for the sale, Ms. Haag filed for Chapter 13 bankruptcy a fourth time.

6   (*In re Diane Louise Haag*, W.D. Wash. Bankr. Case No. 13-bk-15980.)  This time, her

7   efforts were fruitless.  The foreclosure sale went forward as scheduled, and Ms. Haag's

8   motion to annul the sale in bankruptcy court was denied.  (Mot. Ex. 13.)

9       This complaint followed three months later.  In it, Ms. Haag alleges causes of

10  action for conspiracy, fraud, breach of contract, slander of title, and numerous others.

11  (*See* 1st Am. Compl.)  She demands a jury trial.  (*Id.* at 1.)  She requests relief from a

12  variety of defendants, including many banks, loan servicers, and individuals involved in

13  her foreclosure as well as 100 unnamed "Doe" defendants.  (*Id.*)  Ten of the 114

14  defendants moved to dismiss her complaint pursuant to Federal Rule of Civil Procedure

15  12(b)(6).  (*See* Mot.; Joinder in Mot.)  That motion is now before the court.

### III.    ANALYSIS

**A.    Standard on a Rule 12(b)(6) Motion to Dismiss**

18      Under Federal Rule of Civil Procedure 12(b)(6), a court should dismiss a

19  complaint if it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P.

20  12(b)(6).  In determining whether to grant a Rule 12(b)(6) motion, the court must accept

21  as true all "well-pleaded factual allegations" in the complaint.  *Ashcroft v. Iqbal*, 556 U.S.

22  662, 679 (2009).  Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks

ORDER- 4

sufficient facts to support a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To sufficiently state a claim and survive a motion to dismiss, the complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 663 (internal quotation marks omitted); *see also Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).  The court is not bound to accept as true labels, conclusions, formulaic recitations of the elements, or legal conclusions couched as factual allegations.  *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  As the Supreme Court said in *Iqbal*, a complaint must do more than tender "'naked assertions' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

**B.    Rule 12(b)(6) Dismissal is Appropriate Under the Doctrine of Judicial Estoppel**

Even assuming all of Ms. Haag's pleaded facts are true, her complaint fails to state a claim upon which relief can be granted.  Ms. Haag failed to identify the claims asserted in this action in her third bankruptcy petition.  As such, she is barred from asserting those claims now by the doctrine of judicial estoppel.

"Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position."  *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778,

1   782 (9th Cir. 2001).  The doctrine applies when:  (1) a party's position is clearly

2   inconsistent with a previous position; (2) the prior court accepted the previous

3   inconsistent position; and (3) the inconsistency gave the litigant an unfair advantage in

4   the subsequent suit.  *Id.* at 782 (citing *New Hampshire v. Maine*, 532 U.S. 742, 751

5   (2001)).  In the bankruptcy context, "a party is judicially estopped from asserting a cause

6   of action not raised in a reorganization plan or otherwise mentioned in the debtor's

7   schedules or disclosure statements."  *Id.* at 783.  Judicial estoppel is appropriate "when

8   the debtor has knowledge of enough facts to know that a potential cause of action exists

9   during the pendency of the bankruptcy, but fails to amend his schedules or disclosure

10  statements to identify the cause of action as a contingent asset."  *Id.* at 784.

11      In a mortgage foreclosure case, this means that all mortgage-related claims that

12  "arise from the loan transaction" and "before the date of any event in [the] [b]ankruptcy

13  are barred."  *Hernandez v. Response Mortg. Serv., Inc.*, No. C11-05685-RBL, 2011 WL

14  6884794, at *3 (W.D. Wash. December 29, 2011).  This applies to any claims based on

15  securitization or other deed-of-trust-related incidents that occurred before the bankruptcy

16  proceedings began.  *Id.*

17      All of Ms. Haag's claims fall into this category.  By Ms. Haag's own admission,

18  her claims are based "upon the facts and circumstances surrounding [her] original loan

19  transaction and subsequent securitization."  (1st Am. Compl. ¶ 29.)  All of her claims are

20  based on events that occurred prior to her bankruptcy, such as the securitization and sale

21  of her loan, the use of the Mortgage Electronic Registration System ("MERS"), and

22  subsequent transfers of her loan.  (*See, e.g.*, 1st Am. Compl. ¶¶ 25, 31-40.)  Even Ms.

ORDER- 6

1    Haag's claims related to foreclosure fall into this category.  Ms. Haag had "knowledge of

2    enough facts to know that a potential cause of action exist[ed]" with respect to

3    foreclosure before she filed her third bankruptcy petition.  *See Hamilton*, 270 F.3d at 784.

4    Indeed, in the bankruptcy proceeding, she opposed a motion with a filing that contains

5    virtually identical allegations and arguments to those made in this action.  (*Compare* 1st

6    Am. Compl. *with* Mot. Ex. 10.)  More importantly, all of her theories based on

7    foreclosure are grounded not in any irregularity in the foreclosure itself, but in wrongful

8    securitization and sale, the use of MERS, and other events that occurred prior to her third

9    bankruptcy filing.  (1st Am. Compl. ¶¶ 25, 31-40, 42.)  In addition, Ms. Haag had notice

10   that foreclosure was imminent dating back to November 22, 2010.  (Mot. Ex. 5 (Notice of

11   Trustee's Sale).)  At the latest, she had knowledge at that point of the claims at issue in

12   this lawsuit.  (*See id.*)  If she wanted to preserve those claims, she needed to list them in

13   her bankruptcy petition.  *Hamilton*, 270 F.3d at 783; *Hernandez*, 2011 WL 6884794, at

14   *3.

15       She did not.  She was asked in her bankruptcy schedules to list "[o]ther contingent

16   and unliquidated claims of every nature, including tax refunds, counterclaims of the

17   debtor, and rights to setoff claims[.]"  (Mot. Ex. 9 at 10.)  She checked "NONE."  (*Id.*)

18   She did not list any of the claims contained in this complaint anywhere in her bankruptcy

19   schedules, nor did she ever amend her schedules or otherwise call the claims to the

20   court's attention.  (*See generally In re Diane Louise Haag*, W.D. Wash. Bankr. Case No.

21   12-bk-16379-TWD.)  Accordingly, under established principles of judicial estoppel in the

22   bankruptcy context, her claims are barred.  *See Hamilton*, 270 F.3d at 783-85 (explaining

ORDER- 7

1  how the elements of judicial estoppel are met when a debtor fails to list contingent claims

2  on bankruptcy schedules and the claims were known at time of bankruptcy); *Hernandez*,

3  2011 WL 6884794, at *3-4 (same in mortgage foreclosure context).

4        Plaintiff makes no attempt to rebut this logic.  (*See* Resp. (Dkt. # 18).)  Instead,

5  she asks the court to take judicial notice of several judicial opinions that she relies on in

6  her complaint (*id.* at 2-3), cites an outdated standard for Rule 12(b)(6) motions (*id.* at 3),

7  argues that she should be allowed to conduct discovery (*id.* at 4), and argues that she

8  would be able to prove her claims if she were allowed to conduct discovery (*id.* at 4-5

9  ("Plaintiff has much more to present to this Honorable Court.")).  None of these efforts

10  give the court any reason to doubt that its decision to dismiss her claims is correct.

11  # IV.   CONCLUSION

12        Accordingly, the court GRANTS Defendants' motion to dismiss (Dkt. # 15) and

13  dismisses from this case Defendants GDBT 1 Trust 2011-1, AMS Servicing LLC,

14  Goshen Mortgage LLC, Newberry Place REO LLC, Routh Crabtree & Olsen PS, Babak

15  Shamsi, Northwest Trustee Services Inc., Heather Smith, Nextitle, and Carrie Haymond.

16  Still remaining in the case are Defendants PNC Bank NA, Wells Fargo Bank NA,

17  Windermere Real Estate Co., MERS, and Does 1 through 100.  The court also grants Ms.

18  Haag leave to amend her complaint within 20 days of the date of this order should she so

19  choose.[3]  If Ms. Haag does not file an amended complaint that cures the defects described

20

21     [3] Leave to amend is mandatory for pro se plaintiffs unless it is absolutely clear that

22  amendment could not cure the defects.  *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995).

1  herein within 20 days, the court will dismiss her claims with prejudice.  If Ms. Haag

2  decides to file an amended complaint, it must comply with W.D. Wash. Local Rule LCR

3  15.  In other words, Ms. Haag must "indicate on the proposed amended pleading how it

4  differs from the pleading that it amends by bracketing or striking through the text to be

5  deleted and underlining or highlighting the text to be added."  *See* W.D. Wash. Local

6  Rule LCR 15.

7          Dated this 10th day of February, 2014.

8

9

10  _____

11  JAMES L. ROBART
    United States District Judge

12

13

14

15

16

17

18

19

20

21

22

ORDER- 9