UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DIANE HAAG,<br><br>              Plaintiff,<br><br>      v.<br><br>PNC BANK NA, et al.,<br><br>              Defendants. | CASE NO. C13-1746JLR<br><br>ORDER GRANTING MOTION TO DISMISS |

## I.    INTRODUCTION

Before the court is Defendant Mortgage Electronic Registration Systems, Inc.'s ("MERS") motion to dismiss all claims against it in this mortgage foreclosure action. (Mot. (Dkt. # 27).) In a prior order, the court held that Plaintiff Diane Haag was judicially estopped from bringing claims against many of the defendants in this action. (*See* 2/10/14 Order (Dkt. # 20).) MERS did not join in the motion that was the subject of that order. (*See* 1/16/14 Mot. (Dkt. # 15).) MERS now moves for dismissal of all claims against it, arguing, among other things, that the same judicial estoppel argument that

ORDER- 1

applied to the other defendants applies to MERS as well.  (*See* Mot. at 5-7.)  Ms. Haag does not oppose the motion.  (*See* Dkt.)  Having reviewed the record and the governing law, and considering itself fully advised, the court agrees with MERS and GRANTS the motion to dismiss.

## II.   BACKGROUND

Ms. Haag took out a $999,999.00 loan to buy a home in Kirkland in 2007.  (1st Am. Compl. (Dkt. # 4) ¶ 43.)  She got the loan from "PNC/National City Mortgage" and used the proceeds to purchase the home, which was her principal residence.  (*Id.* ¶¶ 43, 47.)  The loan was secured by a deed of trust, under which the holder of the loan could non-judicially foreclose on the property in the event of non-payment.  (*Id.*; Mot. Ex. B.)[1]  The loan was later securitized and sold to other investors, a process which involved MERS.  (1st Am. Compl. ¶ 44.)

Ms. Haag eventually defaulted on the loan.  (*See, e.g.*, Mot. Ex. D at 2-3 (showing $34,517.49 due in early 2011); 1/16/14 Mot. Ex. 8 at 2-3 (showing $1,075,200.70 due in early 2012).)  Thereafter, certain defendants attempted to non-judicially foreclose on the property.  (*See, e.g.*, Mot. Exs. C, D.)

---

[1] The court considers a number of materials beyond the complaint in ruling on this motion.  On a Rule 12(b)(6) motion, courts may consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, and matters of judicial notice—without converting the motion into a motion for summary judgment.  *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment.").  Filings in bankruptcy court are judicially noticeable matters of public record.  *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 857 n.1 (9th Cir. 2008) (citing *Kourtis v. Cameron*, 419 F.3d 989, 994 n.2 (9th Cir. 2005); 11 U.S.C. § 107(a)).

Ms. Haag was able to avoid foreclosure initially, mostly by filing for bankruptcy multiple times and causing others to do the same. First, she quitclaimed the property to an individual named Daryl Carl Butler two days before the scheduled foreclosure sale, and Mr. Butler immediately filed for Chapter 13 bankruptcy. (1/16/14 Mot. Exs. 6, 7.) The Bankruptcy court soon ruled that the foreclosure sale could proceed, finding that the transfer to Mr. Butler was "part of a scheme to delay, hinder and defraud creditors . . . ." (1/16/14 Mot. Ex. 7.) Less than a month later, Ms. Haag filed for Chapter 13 bankruptcy herself. (*See In re Diane Louise Haag*, W.D. Wash. Bankr. Case No. 11-bk-17524-TWD.) However, her bankruptcy proceeding was dismissed shortly thereafter (*id.* Order Dismissing Case (Dkt. # 30)), after which she received another notice of pending non-judicial foreclosure (1/16/14 Mot. Ex. 8). Five days before the foreclosure sale was scheduled to occur, Ms. Haag filed for Chapter 13 bankruptcy a second time. (*See In re Diane Louise Haag*, W.D. Wash. Bankr. Case No. 12-bk-12745-TWD.) This proceeding was also dismissed, and another foreclosure sale was scheduled. (*Id.* Notice of Dismissal (Dkt. # 15).) When the day of the foreclosure sale arrived, Ms. Haag filed for bankruptcy a third time. (*See In re Diane Louise Haag*, W.D. Wash. Bankr. Case No. 12-bk-16379-TWD.) This time the bankruptcy court discharged her debts. (*Id.* Discharge of Debtor (Dkt. # 42).)

However, this was not the end of her attempts to delay. On the day of the next scheduled foreclosure sale, the Diane L. Haag Family Trust filed for bankruptcy—a filing Ms. Haag later admitted was "to prevent the lender from foreclosing on her home." (*See In re Diane L. Haag Family Trust*, W.D. Wash. Bankr. Case No. 13-14353-bk-TWD

ORDER- 3

Mot. to Vacate (Dkt. # 11).)  This bankruptcy proceeding was dismissed, and the foreclosure sale was again rescheduled.  (*Id.* Order Dismissing Case (Dkt. # 7).)  One day before the day set for the sale, Ms. Haag filed for Chapter 13 bankruptcy a fourth time.  (*In re Diane Louise Haag*, W.D. Wash. Bankr. Case No. 13-bk-15980.)  This time, her efforts were fruitless.  The foreclosure sale went forward as scheduled, and Ms. Haag's motion to annul the sale in bankruptcy court was denied.  (1/16/14 Mot. Ex. 13.)

This complaint followed three months later.  In it, Ms. Haag alleges causes of action for conspiracy, fraud, breach of contract, slander of title, and numerous others.  (*See* 1st Am. Compl.)  She demands a jury trial.  (*Id.* at 1.)  She requests relief from a variety of defendants, including MERS, many banks, loan servicers, and individuals involved in her foreclosure as well as 100 unnamed "Doe" defendants.  (*Id.*)  Ten of the 114 defendants, MERS not included, moved to dismiss her complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (*See* 1/16/14 Mot.)  The motion was granted, and most of the remaining defendants were dismissed from the case.  (2/10/14 Order.)  Several weeks later, MERS filed this motion to dismiss.  (2/26/14 Motion (Dkt. # 22).)  Ms. Haag filed an amended complaint (*See* Dkt. # 26), after which MERS filed an amended motion to dismiss (Mot.).  Ms. Haag did not file anything opposing MERS' motion.  (*See* Dkt.)

### III.  ANALYSIS

**A.  Standard on a Rule 12(b)(6) Motion to Dismiss**

Under Federal Rule of Civil Procedure 12(b)(6), a court should dismiss a complaint if it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In determining whether to grant a Rule 12(b)(6) motion, the court must accept

as true all "well-pleaded factual allegations" in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To sufficiently state a claim and survive a motion to dismiss, the complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 663 (internal quotation marks omitted); *see also Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010). The court is not bound to accept as true labels, conclusions, formulaic recitations of the elements, or legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). As the Supreme Court said in *Iqbal*, a complaint must do more than tender "'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

**B.     Dismissal of MERS is Appropriate Under the Doctrine of Judicial Estoppel**

Even assuming all of the facts in Ms. Haag's amended complaint are true, she fails to state a claim upon which relief can be granted. The reason for this, just like in the previous motion to dismiss, is that Ms. Haag failed to identify the claims asserted in this action in her third bankruptcy petition. As such, she is barred from asserting those claims now by the doctrine of judicial estoppel.

ORDER- 5

"Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001).  The doctrine applies when:  (1) a party's position is clearly inconsistent with a previous position; (2) the prior court accepted the previous inconsistent position; and (3) the inconsistency gave the litigant an unfair advantage in the subsequent suit. *Id.* at 782 (citing *New Hampshire v. Maine*, 532 U.S. 742, 751 (2001)).  In the bankruptcy context, "a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements." *Id.* at 783.  Judicial estoppel is appropriate "when the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the cause of action as a contingent asset." *Id.* at 784.

In a mortgage foreclosure case, this means that all mortgage-related claims that "arise from the loan transaction" and "before the date of any event in [the] [b]ankruptcy are barred." *Hernandez v. Response Mortg. Serv., Inc.*, No. C11-05685-RBL, 2011 WL 6884794, at *3 (W.D. Wash. December 29, 2011).  This applies to any claims based on securitization or other deed-of-trust-related incidents that occurred before the bankruptcy proceedings began. *Id.*

All of Ms. Haag's claims against MERS fall into this category.  By Ms. Haag's own admission, her claims are based "upon the facts and circumstances surrounding [her] original loan transaction and subsequent securitization." (1st Am. Compl. ¶ 29.)  All of

these events occurred prior to her bankruptcy, particularly those involving MERS. (*See, e.g.*, 1st Am. Compl. ¶¶ 25, 31-40.) Even Ms. Haag's claims related to foreclosure fall into this category, inasmuch as they are related to MERS. Ms. Haag had "knowledge of enough facts to know that a potential cause of action exist[ed]" with respect to foreclosure before she filed her third bankruptcy petition. *See Hamilton*, 270 F.3d at 784. Indeed, in the bankruptcy proceeding, she opposed a motion with a filing that contains virtually identical allegations and arguments to those made in this action. (*Compare* 1st Am. Compl. *with* 1/16/14 Mot. Ex. 10.) More importantly, all of her theories based on foreclosure are grounded not in any irregularity in the foreclosure itself, but in wrongful securitization and sale, the use of MERS, and other events that occurred prior to her third bankruptcy filing. (1st Am. Compl. ¶¶ 25, 31-40, 42.) In addition, Ms. Haag had notice that foreclosure was imminent dating back to November 22, 2010. (Mot. Ex. C (Notice of Trustee's Sale).) At the latest, she had knowledge at that point of the claims at issue in this lawsuit. (*See id.*) If she wanted to preserve those claims, she needed to list them in her bankruptcy petition. *Hamilton*, 270 F.3d at 783; *Hernandez*, 2011 WL 6884794, at *3.

    As the court pointed out in its previous order, she did not do this. She was asked in her bankruptcy schedules to list "[o]ther contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims[.]" (1/16/14 Mot. Ex. 9 at 10.) She checked "NONE." (*Id.*) She did not list any of the claims contained in this complaint anywhere in her bankruptcy schedules, nor did she ever amend her schedules or otherwise call the claims to the court's attention. (*See*

ORDER- 7

*generally In re Diane Louise Haag*, W.D. Wash. Bankr. Case No. 12-bk-16379-TWD.) Accordingly, under established principles of judicial estoppel in the bankruptcy context, her claims are barred. *See Hamilton*, 270 F.3d at 783-85 (explaining how the elements of judicial estoppel are met when a debtor fails to list contingent claims on bankruptcy schedules and the claims were known at time of bankruptcy); *Hernandez*, 2011 WL 6884794, at *3-4 (same in mortgage foreclosure context).

Ms. Haag does not attempt to challenge this conclusion. Indeed, she has filed no response at all to MERS' motion. (*See* Dkt.) The court has reviewed the record and the governing law and has concluded that there is no legal or factual basis for treating MERS differently than any of the other defendants in this case with respect to judicial estoppel. The doctrine applies to MERS with the same force as it does to the other defendants.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS MERS' motion to dismiss (Dkt. # 27) and DISMISSES the claims against MERS with prejudice. Moreover, the court declines to grant Ms. Haag leave to amend her complaint. Leave to amend is mandatory for pro se plaintiffs unless it is absolutely clear that amendment could not cure the defects. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). Ms. Haag has already had an opportunity to amend her complaint to cure the defects noted in both this order and the previous order. (2/10/14 Order at 8-9.)

//

//

//

1  And while she did amend her complaint (*see* Dkt. # 26), the amendments did nothing

2  whatsoever to address the judicial estoppel issue.  Thus, it is "absolutely clear" that

3  amendment could not cure the defects, making leave to amend unnecessary.  *See Lucas*,

4  66 F.3d at 248.

5       Dated this 30th day of April, 2014.

*[signature]*

JAMES L. ROBART
United States District Judge

ORDER- 9