UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DIANE HAAG,

               Plaintiff,

        v.

PNC BANK NA, et al.,

               Defendants.

CASE NO. C13-1746JLR

ORDER

Before the court is a motion to dismiss in this mortgage foreclosure case brought by Defendants GDBT I Trust 2011-1, AMS Servicing, LLC, Goshen Mortgage, LLC, RCO Legal, P.S. fka Routh Crabtree Olsen, P.S., Babak Shamsi, Northwest Trustee Services, Inc., Heather Smith, Nextitle, and Carrie Haymond.  (Mot. (Dkt. # 28).)  Previously, the court granted a motion to dismiss by the same defendants because Plaintiff Diane Haag's claims were barred by the doctrine of judicial estoppel.  (2/10/14 Order (Dkt. # 20).)  Dismissal was based on the fact that Ms. Haag had failed to list her claims as assets in a previous bankruptcy petition.  (*Id.* at 7-8.)  The court dismissed Ms.

Haag's complaint, but granted her leave to amend within 20 days.  (*Id.* at 8.)  The court warned Ms. Haag that if she did not "file an amended complaint that cures the defects described [in the court's order] within 20 days, the court [would] dismiss her claims with prejudice."  (*Id.* at 9.)

Ms. Haag filed an amended complaint with the court, but the changes she makes to the complaint are, for lack of a better word, bizarre.  (*See* 2d Am. Compl. (Dkt. # 26).)  For example, in several places she strikes the word "King" from the phrase "County of King," leaving the complaint to read:  "Plaintiff is now, and at all times relevant to this action, a resident of the County of, State of Washington [sic]."  (*Id.* at 4, 5.)  In other places, she strikes the names of various parties, leaving the ensuing sentences incomplete.  (*See, e.g.*, *id.* at 5-6 (striking the names of National City Mortgage, Wells Fargo Bank, NA, and Windermere Real Estate Co.).)  Later in the complaint, Ms. Haag crosses out key information from various sentences, such as the date and amount of her mortgage, the name of a trust, and similar items.  (*Id.* at 15-16.)  She also removes several causes of action from the complaint.  (*Id.* at 40, 49.)

These changes do not cure the defects identified in the court's prior order.  In the prior order, dismissal was premised on Ms. Haag's failure to list the instant claims in her bankruptcy proceeding.  (2/10/14 Order at 7-8.)  Ms. Haag does not allege any facts in her amended complaint that are any different with respect to this issue than she did in her original complaint.  (*Compare* Am. Compl. (Dkt. # 4) *with* 2d Am. Compl.)  Her potpourri of strange amendments does nothing to change the substance of her complaint or, more to the point, to show that dismissal with prejudice is not appropriate.

ORDER- 2

1          Accordingly, and for the reasons explained above, the court GRANTS

2   Defendants' motion (Dkt. # 28) and DISMISSES of Ms. Haag's claims against the

3   above-mentioned Defendants with prejudice.

4          Dated this 13th day of May, 2014.

5

6

7   _____

8   JAMES L. ROBART
    United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER- 3